1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN C. LOVE,

11          Plaintiff,                          No. CIV S-08-0780 FCD DAD P

12       vs.

13   CMO SAHOTA, et al.,

14          Defendants.                ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $1.80 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

                                            1

1   the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

2   twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3   These payments will be collected and forwarded by the appropriate agency to the Clerk of the

4   Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

5   full.  See 28 U.S.C. § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

23  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

24  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

25  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

26  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

1 accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital</u>

2 <u>Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

3 plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421

4 (1969).

5       The Civil Rights Act under which this action was filed provides as follows:

6       Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the

7       deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at

8       law, suit in equity, or other proper proceeding for redress.

9 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

11 <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

12 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

14 omits to perform an act which he is legally required to do that causes the deprivation of which

15 complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

16       Moreover, supervisory personnel are generally not liable under § 1983 for the

17 actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

18 defendant holds a supervisorial position, the causal link between him and the claimed

19 constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

20 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

21 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

22 in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

23 Cir. 1982).

24       In his complaint plaintiff has named Chief Medical Officer Sahota, Dr.

25 Moghaddam and Warden Kernan as defendants.  Plaintiff alleges that on July 25, 2007, Dr.

26 Moghaddam operated on his left finger to drain an infection caused by a hangnail.  (Compl. at 3.)

1    Plaintiff further alleges that Dr. Moghaddam told him to change the dressing on his finger every

2    day for seven days.  (Id.)  Plaintiff alleges that he did not see medical personnel again until July

3    30, 2007, at which time Dr. McAlpine determined that plaintiff's finger infection was still

4    present and had spread.  (Id. at 4.)  Plaintiff alleges that he subsequently saw Dr. Allen, who

5    informed him that he would need additional surgery.  (Id.)  Plaintiff explains that he has lost

6    sensation in his finger and experiences stiffness in it as a result.  (Id.)  Plaintiff notes that Dr.

7    Allen said the present situation could have been avoided had Dr. Moghaddam properly drained

8    his finger.  (Id.)  Plaintiff claims that Dr. Moghaddam, Chief Medical Officer Sahota, and

9    Warden Kernan are to blame.  (Id.)  Plaintiff requests the court order service of the complaint on

10    defendants so he can recover punitive damages.  (Id. at 3.)

11              The allegations in plaintiff's complaint are so vague and conclusory that the court

12    is unable to determine whether the current action is frivolous or fails to state a claim for relief.

13    The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

14    Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

15    the defendants and must allege facts that support the elements of the claim plainly and succinctly.

16    Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

17    with at least some degree of particularity overt acts which defendants engaged in that support his

18    claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

19    8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

20    amended complaint.

21              If plaintiff files an amended complaint, he is advised that in Estelle v. Gamble,

22    429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute

23    cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level

24    of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit

25    has held that before it can be said that a prisoner's civil rights have been abridged, "the

26    indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

4

1   'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d

2   458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

3        In addition, plaintiff is advised that he must allege facts demonstrating how each

4   defendant's actions rose to the level of "deliberate indifference."  Plaintiff must allege in specific

5   terms how each defendant was involved in the denial of his medical care.  In particular,

6   plaintiff's complaint fails to allege any causal link between the actions of defendants Sahota and

7   Kernan and the claimed constitutional violations.  There can be no liability under 42 U.S.C.

8   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

9   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

10  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

11  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

12  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13       Plaintiff is informed that the court cannot refer to a prior pleading in order to

14  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

15  complaint be complete in itself without reference to any prior pleading.  This is because, as a

16  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

17  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

18  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

19  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

20       Accordingly, IT IS HEREBY ORDERED that:

21       1.  Plaintiff's April 11, 2008 application to proceed in forma pauperis is granted.

22       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

23  Plaintiff is assessed an initial partial filing fee of $1.80.  All fees shall be collected and paid in

24  accordance with this court's order to the Director of the California Department of Corrections

25  and Rehabilitation filed concurrently herewith.

26  /////

1        3.  Plaintiff's complaint is dismissed.

2        4.  Plaintiff is granted thirty days from the date of service of this order to file an

3 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

4 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

5 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

6 amended complaint in accordance with this order will result in a recommendation that this action

7 be dismissed without prejudice.

8 DATED: April 22, 2008.

9

10                                        DALE A. DROZD

11                                        UNITED STATES MAGISTRATE JUDGE

12 DAD:9
    love0780.14

13

14

15

16

17

18

19

20

21

22

23

24

25

26