1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOHN C. LOVE,

11              Plaintiff,                    No. CIV S-08-0780 FCD DAD P

12        vs.

13    CMO SAHOTA, et al.,

14              Defendants.                   ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17    filed pursuant to 42 U.S.C. § 1983.  By order filed April 23, 2008, plaintiff's complaint was

18    dismissed with leave to file an amended complaint.  Plaintiff has filed an amended complaint.

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

24    U.S.C. § 1915A(b)(1) & (2).

25              A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

                                              1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6            Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9   Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

10  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

11  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

12  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

13  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

14  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

15  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

16  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

17  (1969).

18           In plaintiff's original complaint, he named Chief Medical Officer Sahota, Dr.

19  Moghaddam and Warden Kernan as defendants.  Plaintiff alleged that defendant Moghaddam

20  operated on his left finger to drain an infection caused by a hangnail.  Plaintiff alleged that during

21  a follow-up visit with medical personnel he learned that his finger was still infected, the infection

22  had spread and that he would require a second operation.  Plaintiff concluded that defendants

23  were to blame and requested punitive damages.

24           The court dismissed plaintiff's original complaint because the allegations therein

25  were so vague and conclusory that the court was unable to determine whether the current action

26  was frivolous or failed to state a claim for relief.  The court advised plaintiff that allegations of

1 inadequate medical care would not state a cruel and unusual punishment claim cognizable under

2 42 U.S.C. § 1983 unless the alleged mistreatment rose to the level of "deliberate indifference to

3 serious medical needs." The court further advised plaintiff that he was required to allege in

4 specific terms how each defendant was involved in the denial of his medical care.

5          In plaintiff's amended complaint, he has named Dr. Moghaddam as the sole

6 defendant. Plaintiff alleges:

7          On July 25th, 2007, Dr. Moghaddam performed minor surgery on
          my finger, due to my finger being infected. He failed to remove all
8          of the infection and now I suffer from loss of all sensation in my
          finger and stiffness occurs in my hand at different times. A second
9          surgery had to be performed and also hospitalization because the
          infection had started to spread from my finger into my hand.
10

11 (Compl. at 3.) In the "Relief" section of the form complaint, asking plaintiff to state briefly what

12 he wants the court to do for him, plaintiff writes "I would like the court to recognize my claim

13 and honor it as a very legit claim." (Id.)

14          The allegations in plaintiff's amended complaint are so vague and conclusory that

15 the court is unable to determine whether the current action is frivolous or fails to state a claim for

16 relief. The amended complaint does not contain a short and plain statement as required by Fed.

17 R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must

18 give fair notice to the defendants and must allege facts that support the elements of the claim

19 plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

20 Plaintiff must allege with at least some degree of particularity overt acts which defendants

21 engaged in that support his claims. Id. Because plaintiff has failed to comply with the

22 requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. In the

23 interests of justice, the court will grant plaintiff leave to file a second amended complaint.

24          If plaintiff chooses to pursue this action by filing a second amended complaint, he

25 is reminded that inadequate medical care does not constitute cruel and unusual punishment

26 cognizable under § 1983 unless the mistreatment rises to the level of "deliberate indifference to

1   serious medical needs."  In applying this standard, the Ninth Circuit has held that before it can be

2   said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must

3   be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

4   cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle,

5   429 U.S. at 105-06).  At most, the allegations in plaintiff's amended complaint state a claim for

6   negligence or medical malpractice, not deliberate indifference.

7          If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

8   how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

9   statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second amended

10  complaint must allege in specific terms how Dr. Moghaddam was involved in the deprivation of

11  plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some

12  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

13  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

14  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In addition, if plaintiff files a second amended

15  complaint, he should clarify what relief he seeks.  For example, if plaintiff believes he is entitled

16  to compensatory or punitive damages, he should state the amount he seeks from the defendant.

17         Plaintiff is reminded that the court cannot refer to prior pleadings in order to make

18  his second amended complaint complete.  Local Rule 15-220 requires that an amended complaint

19  be complete in itself without reference to any prior pleading.  This is because, as a general rule,

20  an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57

21  (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer

22  serves any function in the case.  Therefore, in a second amended complaint, as in an original

23  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24  /////

25  /////

26  /////

4

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's May 21, 2008 amended complaint is dismissed;

3    2.  Plaintiff is granted thirty days from the date of service of this order to file a

4  second amended complaint that complies with the requirements of the Civil Rights Act, the

5  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

6  must bear the docket number assigned to this case and must be labeled "Second Amended

7  Complaint"; failure to file a second amended complaint in accordance with this order will result

8  in a recommendation that this action be dismissed without prejudice; and

9    3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

10  civil rights action.

11  DATED: May 29, 2008.

12

13    _Dale A. Drozd_

14    DALE A. DROZD
      UNITED STATES MAGISTRATE JUDGE

15  DAD:9
    love0780.14am

16

17

18

19

20

21

22

23

24

25

26